```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
    ------------------------------X
    THOMAS WOODS

            Petitioner,                    MEMORANDUM AND ORDER

        -against-                          Civil Action No.
                                           CV-03-5708(DGT)(JMA)
    THOMAS POOLE, Superintendent,
    Five Points Correctional Facility

            Respondent.

    ------------------------------X
```

Trager, J:

On November 6, 2003, petitioner Thomas Woods filed the above-captioned case seeking a writ of habeas corpus for alleged constitutional violations stemming from his state court sentence enhancement as a persistent felony offender pursuant to New York Penal Law § 70.10. Petitioner's claim was referred to United States Magistrate Judge Joan M. Azrack for a Report and Recommendation ("Report").

On July 27, 2006, Judge Azrack issued her Report recommending that the petition be denied and that any application for a certificate of appealability also be denied. On August 3, 2006, petitioner's counsel filed objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and petitioner separately filed objections pro se on that same day.

Petitioner's pro se objections are simply rearguments of claims he made to the magistrate. Judge Azrack appropriately reviewed these claims and correctly found they are without merit. Petitioner's counsel, on the other hand, takes exception to the Report itself. Petitioner's counsel argues that, in rejecting petitioner's claim under Brown v. Miller, 451 F.3d 54 (2d Cir. 2006) ("Miller"), the Report overlooks that Miller only addressed whether the state court ruling, upholding a sentence under New York's persistent felony offender statute, was an "unreasonable application" of and not whether the state court ruling was "contrary to" Ring v. Arizona, 536 U.S. 584 (2002).

Although petitioner's counsel sees Miller as leaving open the question of whether New York's persistent felony offender statute survives "contrary to" analysis, a reasonable reading of Miller reveals this to be incorrect. Petitioner's request for habeas relief, as noted by Judge Azrack, is controlled not only by Miller, but also by Brown v. Greiner, 409 F.3d 523 (2d Cir. 2005) ("Greiner"). Report at 3-4. In Greiner, the Second Circuit considered several challenges to New York Penal Law § 70.10 under Apprendi v. New Jersey, 530 U.S. 466 (2000). Distinguishing the "history and character" finding under the statute from the specific findings of fact at issue in Apprendi, the Second Circuit held that the state courts' sentencing was

2

neither contrary to nor an unreasonable application of Apprendi. Greiner, 409 F.3d at 534-35.

Subsequently, in Miller, the Second Circuit characterized the question presented as whether Ring expanded on the rule of Apprendi in such a way as to make the reasoning of Greiner inapplicable. Miller, 451 F.3d at 58. As Judge Azrack noted, the Second Circuit in Miller concluded that, with respect to New York Penal Law § 70.10, "'Ring did not expound upon the rule announced in Apprendi in a way that is significant.'" Report at 4 (quoting Miller, 451 F.3d at 59).

Judge Azrack's conclusion, that the state court's sentencing of petitioner pursuant to the persistent felony offender statute was not "contrary to," as well as, not an unreasonable application of federal law, is well-supported and ultimately correct. After an independent review of the record and the Report, it is hereby

ORDERED that the Report is adopted and petitioner's application for writ of habeas corpus is denied. Further, a certificate of appealability shall not issue because petitioner

has not demonstrated a substantial showing of a constitutional violation.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is directed to enter judgment accordingly and close the case.


Dated: Brooklyn, New York
       September 20, 2006

                                SO ORDERED:


                                _____/s/_____
                                David G. Trager
                                United States District Judge

4