```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
THOMAS WOODS

        Petitioner,                MEMORANDUM AND ORDER

    -against-                      Civil Action No.
                                   CV-03-5708 (DGT)
THOMAS POOLE

        Respondent.

--------------------------------X
```

Trager, J:

On August 24, 2007, petitioner Thomas Woods ("Woods") filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), seeking reconsideration of the September 20, 2006 Order (the "September Order") that denied his application for a writ of habeas corpus and declined to issue a certificate of appealability. For the reasons explained below, this motion is denied.

Woods' Rule 60(b) motion addresses his habeas claim that his state court sentence enhancement as a persistent felony offender pursuant to New York Penal Law § 70.10 was unconstitutional under the Sixth Amendment, in light of the Supreme Court's rulings in Apprendi v. New Jersey, 530 U.S. 466 (2000) and subsequent opinions. Woods now revives this claim "in light of new law," specifically Cunningham v. California, 127 S. Ct. 856 (2007) (finding California's sentencing law unconstitutional because it allowed the sentencing judge to consider aggravating factors that

had not been proven to a jury) and Portalatin v. Graham, 478 F. Supp. 2d 385 (E.D.N.Y. 2007) (finding § 70.10 unconstitutional in light of Cunningham and other recent Sixth Amendment jurisprudence).[1]

However, under the deferential standard of habeas review imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the appearance of "new law" is irrelevant to Woods' case. Under this deferential standard, a federal court must consider whether a state court judgment "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added). The Supreme Court has explained that "'clearly established Federal law' in [28 U.S.C.] § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" Carey v. Musladin, 127 S. Ct. 649, 653 (2006) (quoting Williams v. Taylor, 529 U.S. 362, 412

---

[1] It should be noted that New York's district courts remain split over the constitutionality of § 70.10, and that the Second Circuit has not yet resolved that dispute. Even after Cunningham, a number of courts have agreed with the conclusion of the September Order that a sentence enhanced under § 70.10 does not provide a basis for a grant of habeas corpus. See Bailey v. Rivera, No. 07 Civ. 2181 (GEL), 2007 U.S. Dist. LEXIS 78753, at *25 (S.D.N.Y. Oct. 24, 2007); Morris v. Artus, No. 06 Civ. 4095 (RWS), 2007 U.S. Dist. LEXIS 55650, at *21 (S.D.N.Y. July 30, 2007). But see Portalatin, 478 F. Supp. 2d at 386 (finding enhanced sentence imposed under § 70.10 to be unconstitutional); Washington v. Poole, 507 F. Supp. 2d 342 (S.D.N.Y. 2007) (same).

(2000)). See also Rodriguez v. Miller, 499 F.3d 136, 140 (2d Cir. 2007) (explaining Musladin's admonishment "to read the Supreme Court's holdings narrowly," particularly in cases where "AEDPA deference" applies).

The Appellate Division, Second Department, affirmed Woods' conviction on March 17, 2003, and the Court of Appeals denied review of that decision on June 26, 2003. See Petition at 2. Therefore, the relevant question is whether the New York State courts violated a "clearly established" constitutional principle when ruling on Woods' case in 2003. See Brown v. Miller, 451 F.3d 54, 57 (2d Cir. 2006); Portalatin, 478 F. Supp. 2d at 389.

As explained in the September Order, the Second Circuit has already answered that question. In Brown v. Miller, the Second Circuit found that New York state courts had reasonably applied Apprendi and Ring v. Arizona, 536 U.S. 584 (2002), when sentencing persistent felony offenders under § 70.10. See Brown, 451 F.3d at 59. At the time of Woods' sentencing, Apprendi and Ring were the most recent cases to explain the Supreme Court's Sixth Amendment jurisprudence. Accordingly, Brown v. Miller must control this case as well.

The New York State courts did not violate any clearly established Federal law at the time of Woods' sentencing under New York's persistent felony offender statute. Woods' Rule 60(b)

motion provides no basis for amending that judgment and is, therefore, denied.

Dated: Brooklyn, New York
       November 19, 2007

                                  SO ORDERED:


                                  _____/s/_____
                                  David G. Trager
                                  United States District Judge